■ MIGUEL RAMOS, Appellant, v. STATE OF NEW YORK, Respondent. (And 2 Other Actions; Claims Nos. 39378, 39423, 39424.) — REYNOLDS, J. Appeal from a judgment of the Court of Claims dismissing appellants' cause of action after a trial. On August 11, 1959 Miguel Ramos, James R. Flynn and Arthur Loustarinen, carpenters in the employ of Johnson, Drake and Piper, the general contractors for the State-administered Cross-Bronx Expressway project, were working inside certain forms when a retaining wall gave way. As a result, Flynn and Loustarinen were killed and Ramos was severely injured. Appellants' premise of liability is that the employer-contractor's attempt to backfill behind a span weakened by the previous loss of a supporting beam constituted actionable negligence or a statutory violation of the Labor Law and that the State under various theories is subject to liability also. We concur in the trial court's determination that the State is not legally responsible for the accident here involved. The State's contract with the Federal Government, under which the interstate highway project was being constructed, imposes no liability on the State beyond the burdens of its own laws. Nor is there liability on the part of a property owner at common law or under section 200 of the Labor Law, which is reiterative of the common law (*Schnur* v. *Shanray Constr. Corp.*, 31 A D 2d 513) for the independent negligent acts of his contractors in the absence of a retention of direct control (*Grant* v. *Rochester Gas & Elec. Corp.*, 20 A D 2d 48, 49), and the mere retention of inspection privileges by State engineers on State projects conducted by independent contractors does not constitute such control (e.g., *Morris* v. *State of New York*, 10 A D 2d 754). Finally, section 241 of the Labor Law as extant at the date of the accident applied only to building

construction and is thus not applicable to highway construction. Industrial Code Regulation 23-11.3 cannot be construed to create or enlarge liability on the part of the State where none is directly imposed by the statute itself (*Georgiou* v. *State of New York*, 28 A D 2d 1027). Moreover, and in any event, even accepting that it constituted faulty engineering practice to fill loose soil behind three inch wood members over an 18-foot span as opposed to the 9-foot spans originally prescribed and that the State was liable for such negligence, there is no satisfactory proof in the instant record that it was the failure to properly repair this particular section that was the proximate cause of the collapse which resulted in the death and injury. Professor O'Connell, appellants' own expert, testified that the failure was general, involving at least an equivalent to four panels of wood sheeting stretching over 36 feet and involving 3 supporting beams and appellants' exhibit 18 confirms this. The alleged negligent reinstallation involving only 18 feet does not, of course, explain the collapse of over 36 feet, particularly when one views the past history of failure of the retaining wall. Nor are there any indications advanced in the record as to why over 36 feet, in fact, collapsed. The sole assumption possible at this posture is that the collapse was due to reasons not adequately explained by the appellants which would not necessarily involve the negligence of the contractors on the job, let alone the State. Accordingly, from the undisputed evidence appellants have not sustained their burden of establishing by the preponderance of the evidence a cause and effect relationship leading to the State (see *Carrera* v. *State of New York*, 29 A D 2d 577), and thus for this reason the claims were also properly dismissed. Judgment affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.