OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On the date of the accident, claimant, a surveyor employed by a subcontractor, was checking grades on the Brooklyn-Queens Expressway pursuant to a safety improvement contract entered into between the State and Lizza Industries, Inc. The general contract required Lizza Industries to close the extreme right-hand lane in the area immediately adjacent to where claimant was working. Because of the failure of the general contractor to close this lane, claimant was struck by a traffic cone propelled by a passing truck. This negligence claim is premised on the State’s failure to enforce the terms of the general contract calling for the closure of the adjacent lane by the general contractor.
Although the instant claim is not predicated on sections 102 and 139 of the Highway Law, there is nothing in the record to support the contention that the contractual obligation of the State here exceeded that of the County of Nassau in Lopes v Rostad (45 NY2d 617). The duty to erect safety barriers and place warning devices around the work site was, by contract, vested exclusively in the general contractor. That the State supervised and inspected the work as it progressed, imposed no affirmative duty upon it running to claimant to assure that safety barriers were properly placed (see Ramos v State of New York, 34 AD2d 1056, mot for lv to app den 28 NY2d 487).
*866 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.