■ In the Matter of MICHAEL DILLON, Appellant, v STATE OF NEW YORK, Respondent.—Mahoney, P. J. Appeal from an order of the Court of Claims (Lyons, J.), entered June 21, 1989, which partially granted claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

Claimant moved for permission to file a late notice of claim pursuant to Court of Claims Act § 10 (6). The notice of claim alleges that he was injured when he was struck by some solution with which he was working in the course of painting lines on a newly resurfaced section of State Route 86 in Essex County. He attributed his injuries to the State's negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6) in failing, as owner of the road, to provide a safe place to work and proper protective devices. The Court of Claims granted permission to file a late notice of claim to the extent it alleged violations under Labor Law § 200 but not under Labor Law § 240 (1) and § 241 (6). The court reasoned that claimant's work did not involve a building or structure as those terms are used in Labor Law § 240 (1) and § 241 (6). From that part of the order limiting his claim, claimant appeals.

Claimant argues that the State highway is a building or structure for the purposes of Labor Law § 240 (1) and § 241 (6). The duties imposed by Labor Law § 241 (6) apply to construction, excavation and demolition work in connection with "buildings" and a highway at grade cannot be considered a building (see, Ramos v State of New York, 34 AD2d 1056, 1056-1057, lv denied 28 NY2d 487). Thus, the Court of Claims acted within its discretion with regard to claimant's allegations under Labor Law § 241 (6).

Likewise, the duties imposed by Labor Law § 240 (1) are applicable with regard to "a building or structure". As noted above, it is difficult for us to characterize this road as a "building". Moreover, although the Court of Appeals has long recognized that the term "structure" as used in the statute's predecessor could have broad meaning (see, Caddy v Interborough R. T. Co., 195 NY 415, 419-421), there are limits to a proper interpretation of the statutory language. A highway at grade does not strike us as having the accoutrements normally associated with "a * * * structure" within the context of Labor Law § 240 (1), which is intended "to protect workers from hazards related to elevating themselves or their materials at the work site" (Brogan v International Business Machs. Corp., 157 AD2d 76, 80-81). Claimant's work on a level road

required no such protection.* Just as the Second Department recently refused to characterize a parking lot as a building or structure as used within the statute *(see, Manente v Ropost, Inc.,* 136 AD2d 681, 682), we find no basis to characterize a level road as a building or structure within the meaning of the statute. Accordingly, the Court of Claims did not abuse its discretion with regard to claimant's allegations under Labor Law § 240 (1) and in limiting the permissible scope of claimant's late claim.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

---

* Claimant makes some reference in his brief to performing his work on a truck and falling off the truck after the solution splashed in his face. His notice of claim refers only to negligence and injuries regarding the solution splashing in his face and our consideration is limited accordingly. Moreover, the fact that the road cannot be characterized as a building or structure, as discussed in the text, would require the same result even if claimant did fall.