■ EVELYN ARES, Appellant, v STATE OF NEW YORK et al., Respondents.—Judgment, Court of Claims (Gerard Weisberg, J.), entered on or about May 25, 1990, which, *inter alia,* dismissed the complaint as against defendant New York State Thruway Authority, unanimously affirmed, without costs.

The court erred in concluding that Labor Law § 241 (6) is applicable to a highway repaving that had no connection to any building. Labor Law § 241 applies only to work attendant upon the construction or demolition of buildings, and a highway cannot be considered a building within the meaning of the statute *(Matter of Dillon v State of New York,* 167 AD2d 574). Therefore, plaintiff failed to establish a prima facie case against the Thruway Authority.

The conclusion of the Court of Claims was not against the weight of credible evidence nor contrary to the law *(Dizak v State of New York,* 124 AD2d 329). The fact-finder is responsible for evaluating the credibility of expert testimony, even if it is uncontradicted *(Mechanick v Conradi,* 139 AD2d 857). Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.

■ MOE RIMLER, Respondent, v JOMICH REALTY INC. et al., Appellants. (Action No. 1.) STEVEN ROSENFELD et al., Respondents, v MOE RIMLER et al., Appellants. (Action No. 2.)—Order, Supreme Court, New York County (Herman Cahn, J.), entered on November 8, 1989, unanimously affirmed for the reasons stated by Herman Cahn, J., with costs. No opinion. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Kupferman, JJ.