■ MARILYN MOSHER et al., Respondents, v STATE OF NEW YORK, Appellant.—Weiss, J. Appeal from that part of an order of the Court of Claims (Hanifin, J.), entered June 19, 1991, which denied the State's motion for summary judgment to dismiss the claim under Labor Law § 241 (6).

Claimant Marilyn Mosher's employer was engaged by the State to resurface 3.4 miles of State Route 17 in Chemung County at grade with asphalt concrete. She was riding in the back of a truck stacking traffic cones handed up to her by a coemployee when the truck suddenly stopped, causing her to fall forward and sustain injuries. The Court of Claims granted the State's motion for summary judgment dismissing the causes of action which alleged violations of Labor Law §§ 200 and 240 (1), but denied dismissal of the cause of action brought under Labor Law § 241 (6). The State has appealed.

We are unable to agree with claimants' contention that adherence to the philosophy underpinning the Labor Law compels us to find that the contract work on Route 17 was "construction" within the ambit of the statute. In support of this contention, claimants cite to the definitions provided in 12 NYCRR 23-1.4. We find that the nature of the construction work performed in the cases relied upon by claimants renders them distinguishable (compare, Maher v Atlas Tr. Mix Corp., 104 AD2d 591 [pouring ready mix concrete on a new driveway]; Kahn v Gates Constr. Corp., 103 AD2d 438 [work on

ocean floor on underwater overflow pipe]; *Page v State of New York,* 73 AD2d 479, *affd on opns below* 56 NY2d 604 [installation of a sanitary sewer system]; *Tilkins v City of Niagara Falls,* 52 AD2d 306 [earthen trench collapsed during installation of water and sewer lines]). Recent decisions demonstrate that courts continue to reject attempts to broaden and extend the scope of Labor Law § 241 (6) *(see, e.g., Whitaker v Norman,* 146 AD2d 938, *affd* 75 NY2d 779; *Manente v Ropost, Inc.,* 136 AD2d 681). Even more to the point, this court found that there is no basis upon which to characterize a level road as a building or structure within the meaning of that statute *(see, Matter of Dillon v State of New York,* 167 AD2d 574). In *Ares v State of New York* (176 AD2d 203) the Second Department, citing to *Matter of Dillon v State of New York (supra),* recently held that "Labor Law § 241 applies only to work attendant upon the construction or demolition of buildings, and a highway cannot be considered a building within the meaning of the statute" *(see, Vincent v Dresser Indus.,* 172 AD2d 1033).

We find neither a basis on which, nor a reason, to depart from these recent decisions which specifically hold that a level road or highway is not a building or structure giving rise to the imposition of liability upon an owner for a violation of Labor Law § 241 (6). We therefore hold that the Court of Claims erred in failing to grant summary judgment dismissing the cause of action predicated upon the State's alleged violation of that statute.

Mahoney, P. J., Casey, Levine and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the claim under Labor Law § 241 (6); motion granted, summary judgment awarded to the State and said claim dismissed; and, as so modified, affirmed.