OPINION OF THE COURT
Per Curiam.
The Court of Claims correctly held that the requirements of subdivision (6) of Labor Law § 241, concerning safety precautions during construction, excavation and demolition operations, are not limited to building sites. Section 241 provides, in relevant part:
“All contractors and owners and their agents * * * when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * *
“6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.”
*288 Although the introductory language of section 241 appears to limit the applicability of all the ensuing subdivisions to work done in connection with building construction, the history of subdivision (6) demonstrates that its scope was not intended to be so limited (see, Tilkins v City of Niagara Falls, 52 AD2d 306 [Simons, J.]). The introductory paragraph was added in 1969 along with what are now the first five subdivisions of section 241, which set forth specific safety requirements related to the installation of flooring or planking as building construction progresses (see, L 1969, ch 1108).
Prior to that amendment, section 241 consisted only of what is now subdivision (6), in substantially its present form. There was then no language limiting its coverage to building construction; it applied by its terms to "[a]ll areas, buildings or structures” (Labor Law former § 241, as added by L 1962, ch 450, § 3). As noted in Tilkins (supra, at 310), the legislative history of the 1969 amendment indicates no intention by the Legislature to narrow the scope of those protections when the provision was recodified as subdivision (6) of the amended statute. Indeed, it was noted at the time that the provisions of former section 241 were "contained and substantially strengthened” in the amended version (Note to L 1969, ch 1108, 1969 McKinney’s Session Laws of NY, at 2123).
Based upon this history, the Fourth Department concluded in Tilkins that, despite the introductory language of section 241, the scope of subdivision (6) is not limited to building sites. We endorsed that reasoning and reached the same conclusion in both Page v State of New York (56 NY2d 604, affg on opns at 73 AD2d 479) and Celestine v City of New York (59 NY2d 938, affg on opn at 86 AD2d 592). We find no reason to depart from those holdings today.
Because it has led to some confusion and has been followed by other departments in this case and others (see, e.g., Ares v State of New York, 176 AD2d 203, affd on other grounds 80 NY2d 959 [decided today]), we note that the recent contrary interpretation of section 241 (6) in Matter of Dillon v State of New York (167 AD2d 574) was reached without reference either to our decisions in Page and Celestine or to the Fourth Department’s precedent in Tilkins. Dillon, instead, relied on Ramos v State of New York (34 AD2d 1056, lv denied 28 NY2d 487), a case arising under an earlier, narrower version of the statute. On this point, the Dillon decision is inconsistent with Page, Celestine and our holding today, and should not be followed.
*289 For these reasons, claimant’s allegations with respect to injuries she sustained while employed in a State highway repaving project fall within the purview of Labor Law § 241 (6). The Court of Claims therefore properly denied the State’s motion for summary judgment dismissing the cause of action brought under Labor Law § 241 (6).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of the Court of Claims reinstated.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Smith taking no part.
Order reversed, etc.