■ In the Matter of MICHAEL DILLON, Appellant, v STATE OF NEW YORK, Respondent. [607 NYS2d 474] —Mercure, J. Appeal from an order of the Court of Claims (Lyons, J.), entered February 2, 1993, which, *inter alia,* upon reargument, adhered to its prior decision denying claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim to the extent that it alleged a violation of Labor Law § 240 (1).

By this litigation, claimant seeks to recover for injuries sustained when molten thermoplastic splashed into his face as he was preparing to paint edge lines on a newly resurfaced State highway. When this matter was previously before us, we affirmed the Court of Claims' order denying claimant's application to file a late notice of claim to the extent that it alleged violations of Labor Law § 240 (1) and § 241 (6) upon the ground that a highway at grade cannot constitute a "building" within the purview of Labor Law § 241 (6) or a "building or structure" within Labor Law § 240 (1) (167 AD2d 574). Based upon the subsequent decision in *Mosher v State of New York* (80 NY2d 286), in which the Court of Appeals concluded that allegations with respect to injuries sustained on a highway repaving project fell within the purview of Labor Law § 241 (6), claimant moved for reargument. The Court of Claims granted the application with regard to the cause of action

predicated upon Labor Law § 241 (6), but denied it with respect to the claim under Labor Law § 240 (1). Claimant appeals and we affirm. As correctly determined by the Court of Claims, the decision in *Mosher v State of New York (supra)* is limited to and, indeed, is premised upon the unique history of Labor Law § 241 (6). Nothing in that decision casts doubt upon our determination that a highway may not constitute a "building or structure" within the purview of Labor Law § 240 (1) *(see, Lewis-Moors v Contel of N. Y.,* 78 NY2d 942; *Siragusa v State of New York,* 117 AD2d 986, *lv denied* 68 NY2d 602).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.