JOHN A. SPEARS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 97598.) [698 NYS2d 135] —Order unanimously affirmed without costs. Memorandum: Claimant was employed as a dump truck driver for Santaro Industries, Inc., an entity that contracted to renovate a highway owned by defendant, State of New York (State). While preparing to unload asphalt at the project site, claimant climbed to the top of the truck to repair the tarpaulin retracting device and fell approximately 15 feet, sustaining personal injuries. Claimant asserts causes of action under Labor Law § 240 (1) and § 241 (6) as well as for common-law negligence.

The Court of Claims properly denied claimant's motion for partial summary judgment on liability under Labor Law § 240 (1) and dismissed that cause of action sua sponte. Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to protect the safety of workers subjected to elevation-related risks in the course of construction, demolition, alteration or repair of a building or structure (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-500; Rocovich v Consolidated Edison Co., 78 NY2d 509, 513-514). Because a highway at grade is not a building or structure within the meaning of section 240 (1), that section imposes no duty upon the owner of a highway under construction or repair

(*see, Sciora v New York State Dept. of Transp.*, 226 AD2d 621, *lv dismissed* 88 NY2d 1017, *rearg denied* 89 NY2d 861; *Matter of Dillon v State of New York*, 201 AD2d 793, 793-794). Contrary to claimant's contention, the State has no duty to claimant based on the fact that his employer's dump truck may be considered a structure within the meaning of that section (*see, Moore v Shulman*, 259 AD2d 975, *lv dismissed* 93 NY2d 998); the State neither owned nor contracted for the repair of the dump truck (*cf., Lombardi v Stout*, 80 NY2d 290, 295-296; *Covey v Iroquois Gas Transmission* Sys., 218 AD2d 197, 199, *affd* 89 NY2d 952; *Cox v LaBarge Bros. Co.* [appeal No. 2], 154 AD2d 947, *lv dismissed* 75 NY2d 808). (Appeal from Order of Court of Claims, Patti, J.—Summary Judgment.) Present— Green, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.