■ ARNULFO VARGAS, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 93859.) [710 NYS2d 609] —In a claim to recover damages for personal injuries, the defendant appeals from so much of an interlocutory judgment of the Court of Claims (Lebous, J.), entered June 9, 1999, as, after a trial on the issue of liability, is in favor of the claimant and against it on the issue of liability on the cause of action which was to recover damages for a violation of Labor Law § 240 (1), and the claimant cross-appeals from so much of the same judgment, as, in effect, dismissed his cause of action which was to recover damages for a violation of Labor Law § 241 (6).

Ordered that the interlocutory judgment is modified, on the law, by deleting the provision thereof which is in favor of the claimant and against the defendant on the issue of liability pursuant to Labor Law § 240 (1), and substituting therefor a provision dismissing the Labor Law § 240 (1) cause of action; as so modified, the interlocutory judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

Labor Law § 240 (1) expressly applies to work performed on "buildings or structures". The claimant was working on a truck on an elevated highway, not a building or structure within the meaning of the statute (*see, Dilluvio v City of New York,* 264 AD2d 115; *Spears v State of New York,* 266 AD2d 898; *Sciora v New York State Dept. of Transp.,* 226 AD2d 621; *Matter of Dillon v State of New York,* 201 AD2d 793). Moreover, the fact that the highway was elevated is of no consequence as the claimant merely fell from a truck to the road surface, and not from the elevated structure to the ground below (*see, Dilluvio v City of New York, supra; cf., Smith v Yonkers Contr. Co.,* 238 AD2d 501). Accordingly, the Labor Law § 240 (1) cause of action must be dismissed.

Similarly, the claimant's Labor Law § 241 (6) cause of action, predicated on an alleged violation of 12 NYCRR 23-9.7 (e), which requires that persons in trucks be provided with a properly constructed seat or platform, was properly dismissed. That regulation is applicable to instances where the vehicle is being used for transportation (*see, e.g., Borowicz v International Paper Co.,* 245 AD2d 682). At the time of the claimant's accident, he was unloading materials from the truck and was not being transported. Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.