Spain, J.
Appeal from an order of the Supreme Court (Mulvey, J.), entered September 5, 2012 in Tompkins County, which denied plaintiffs motion for partial summary judgment on the issue of liability.
Plaintiff’s employer was hired to expand the parking area outside of an apartment building which necessitated the removal of several trees. While plaintiff was removing tree limbs with a chainsaw as part of that project, he was injured when a limb he cut knocked over the ladder he was using and caused him to fall. He thereafter commenced this action against defendants, the owner and managers of the apartment building, and asserted claims sounding in negligence and violations of Labor Law §§ 240 (1) and 241 (6). Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Supreme Court denied the motion, and plaintiff appeals.
In order to recover under Labor Law § 240 (1), plaintiff is obliged to show that he was injured in the course of “the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure” (emphasis added). A tree is a naturally occurring object that is “clearly not a ‘building’ or a ‘structure’ within” the meaning of the statute (Lombardi v Stout, 80 NY2d 290, 295-296 [1992]; see Crossett v Wing Farm, Inc., 79 AD3d 1334, 1336 [2010]). Plaintiff argues that he is nevertheless entitled to recover under Labor Law § 240 (1) because he was employed in “duties ancillary to” work encompassed by the statute, namely, the expansion of the parking lot (Bolster v Eastern Bldg. & Restoration, Inc., 96 AD3d 1123, 1123-1124 [2012]; see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [2003]). His argument is unavailing for the simple reason that construction work, as here, involving only a parking area or highway and nothing more, “does not constitute work on a [building or] structure for purposes of Labor *1137 Law § 240 (1)” (Dilluvio v City of New York, 264 AD2d 115, 121 [2000], affd 95 NY2d 928 [2000]; see Spears v State of New York, 266 AD2d 898, 898 [1999]; Matter of Dillon v State of New York, 201 AD2d 793, 794 [1994]; cf. Lombardi v Stout, 80 NY2d at 296 [tree removal adjacent to house construction, driveway and parking lot work is covered]).
Supreme Court thus correctly denied plaintiffs motion, but defendants urge this Court to go further and “exercise our power to search the record and grant partial summary judgment [to defendants] dismissing plaintiff[’s] Labor Law § [240 (1)] claim” (Kropp v Town of Shandaken, 91 AD3d 1087, 1091 [2012]; see CPLR 3212 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 111 [1984]). Even viewing the evidence in the light most favorable to plaintiff, “there are no triable issues of fact regarding” defendants’ liability under Labor Law § 240 (1) (Ortiz v Fage USA Corp., 105 AD3d 720, 722 [2013]; see DiBartolomeo v St. Peter’s Hosp. of the City of Albany, 73 AD3d 1326, 1327 [2010]). Inasmuch as granting summary judgment to defendants is thus fully warranted by the record and would serve the interest of judicial economy under the circumstances presented here, we grant such relief (see Kropp v Town of Shandaken, 91 AD3d at 1091; Falsitta v Metropolitan Life Ins. Co., 279 AD2d 879, 881 [2001]).
Rose, J.P, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by granting partial summary judgment to defendants dismissing the Labor Law § 240 (1) cause of action, and, as so modified, affirmed.