Wetter v Northville Indus. Corp. (2020 NY Slip Op 03946)





Wetter v Northville Indus. Corp.


2020 NY Slip Op 03946


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2019-04154
 (Index No. 61277/13)

[*1]Robert Wetter, et al., appellants,
v
Northville Industries Corp., et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellants.
Cornell Grace, P.C., New York, NY (Joseph E. Donat and Adeel Jamaluddin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated October 18, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of Industrial Code § 23-9.7(e).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff John Wetter (hereinafter the injured plaintiff), an employee of nonparty Hallen Construction, allegedly was injured while setting up a detour approximately 1,500 feet from the defendants' excavation site when he jumped off a truck's flatbed to set up a traffic sign and landed in a roadside ditch. The defendants, who own, maintain, and service an underground pipeline located in Suffolk County, had hired Hallen Construction to assist in excavating a section of the roadway covering the pipeline and to set up any necessary traffic detours, diversions, and warning signs during this work.
The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the defendants alleging violations of Labor Law §§ 200, 240, 241, and common-law negligence. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint and the Supreme Court granted the defendants' motion. The plaintiffs appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of Industrial Code § 23-9.7(e), which provides, "[n]o person shall be suffered or permitted to ride on running boards, fenders or elsewhere on a truck or similar vehicle except where a properly constructed and installed seat or platform is provided." The plaintiffs contend that the regulation requires the platform of a truck to have a safe means of ingress and egress, such as a ladder.
Contrary to the plaintiffs' contentions, Industrial Code § 23-9.7(e), which is titled "Riding," only regulates transporting persons in a truck and does not apply to injuries suffered while exiting a vehicle (see Vargas v State of New York, 273 AD2d 460, 461). The defendants established [*2]that the injured plaintiff was injured when he jumped from the flatbed of the stopped truck to set up a traffic sign, not while riding in the truck, and thus the defendants established that Industrial Code § 23-9.7(e) does not apply (see Vargas v State of New York, 273 AD2d at 461). The plaintiffs' interpretation of Industrial Code § 23-9.7(e) to apply to a stopped truck that was not transporting the injured plaintiff is contrary to the plain meaning of the regulation (see Vargas v State of New York, 273 AD2d at 461; see also Kuzmich v 50 Murray St. Acquisition LLC, 34 NY3d 84, 91). Further, Industrial Code § 23-9.7(e) is silent as to egress from a truck, and the plaintiffs' interpretation impermissibly requires a construction that would add to the regulation's plain meaning (see Reddington v Staten Is. Univ. Hosp., 11 NY3d 80, 91).
Moreover, contrary to the plaintiffs' contention, their expert did not raise a question of fact as to whether the defendants violated the Industrial Code, as a violation of an OSHA provision does not provide a basis for liability under Labor Law § 241(6) (see Marl v Liro Engrs., Inc., 159 AD3d 688, 689).
The plaintiffs' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of Industrial Code § 23-9.7(e).
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court