Seem v Premier Camp Co., LLC (2021 NY Slip Op 07018)





Seem v Premier Camp Co., LLC


2021 NY Slip Op 07018


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2019-11926
 (Index No. 616348/17)

[*1]Lawrence Seem, appellant-respondent, 
v
Premier Camp Company, LLC, etc., respondents, Dileo Landscaping, Ltd., appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellant.
Bryan Barenbaum, Brooklyn, NY (Huy Le of counsel), for appellant-respondent.
Steven F. Goldstein, LLP, Carle Place, NY, for respondents Premier Camp Company, LLC, Crestwood Country Day School, Inc., and Round Swamp Road Associates, LLC.
Marshall Dennehey Wamer Coleman & Goggin, Purchase, NY (Difie M. Osborne of counsel), for respondent Splash Swimming Pool & Spa, Inc.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Dileo Landscaping, Ltd., appeals, and the plaintiff separately appeals, from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 16, 2019. The order, insofar as appealed from by the defendant Dileo Landscaping, Ltd., denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as appealed from by the plaintiff, granted the motion of the defendant Splash Swimming Pool & Spa, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and granted the separate motion of the defendants Premier Camp Company, LLC, Crestwood Country Day School, Inc., and Round Swamp Road Associates, LLC, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Dileo Landscaping, Ltd., which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof granting those branches of the motion of the defendant Splash Swimming Pool & Spa, Inc., which were for summary judgment dismissing the Labor Law §§ 241(6) and 200 and common-law negligence causes of action insofar as asserted against it, and substituting therefor a provision denying those branches of the motion, and (3) by deleting the provision thereof granting those branches of the motion of the defendants Premier Camp Company, LLC, Crestwood Country Day School, Inc., and Round Swamp Road Associates, LLC, which were pursuant to CPLR 3211(a)(7) to dismiss the Labor Law § 200 and common-law negligence causes of action insofar as [*2]asserted against them, and substituting therefor a provision denying those branches of the motion, and (4) by deleting the provision thereof granting that branch of the motion of the defendants Premier Camp Company, LLC, Crestwood Country Day School, Inc., and Round Swamp Road Associates, LLC, which was pursuant to CPLR 3211(a)(7) to dismiss so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.22(b)(1) and (c)(1) and 12 NYCRR 23-1.32 insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant Dileo Landscaping, Ltd., payable by the plaintiff, and one bill of costs to the plaintiff, payable by the defendants Premier Camp Company, LLC, Crestwood Country Day School, Inc., Round Swamp Road Associates, LLC, and Splash Swimming Pool and Spa, Inc., appearing separately and filing separate briefs.
The plaintiff alleges that he was injured when a dump truck he was driving tipped over. According to the plaintiff, he was transporting approximately 60,000 pounds of gravel to a property owned by the defendants Premier Camp Company, LLC, Crestwood Country Day School, Inc., and Round Swamp Road Associates, LLC (hereinafter collectively the Premier defendants), where the defendant Dileo Landscaping, Ltd. (hereinafter Dileo), would use the gravel to resurface a parking lot at the property. The plaintiff further alleges that a Dileo employee directed him to unload the gravel in a particular location, and that an employee of the defendant Splash Swimming Pool and Spa, Inc. (hereinafter Splash), helped guide him to that spot. While raising the bed of the dump truck to unload the gravel, the plaintiff asserts that the dump truck began to list toward the driver's side, at which point the truck's rear tires popped, causing the truck to tip over.
The plaintiff commenced an action against the Premier defendants, asserting causes of action alleging violations of Labor Law §§ 240(1), 241(6), and 200, and common-law negligence. The plaintiff subsequently commenced a separate action against Dileo and Splash seeking identical relief, and the two actions were later consolidated. Splash and Dileo then separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the Premier defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. In an order dated September 16, 2019, the Supreme Court denied Dileo's motion, granted Splash's motion, and granted the Premier defendants' motion. Dileo appeals, and the plaintiff separately appeals.
The Supreme Court should have granted that branch of Dileo's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it. Dileo established, prima facie, that the plaintiff was not engaged in the erection, demolition, repairing, altering, painting, cleaning, or pointing of a building or structure (see Juett v Lucente, 112 AD3d 1136, 1136-1137; Vargas v State of New York, 273 AD2d 460, 461; Sciora v New York State Dept. of Transp., 226 AD2d 621, 621), and that the plaintiff was not exposed to an elevation-related risk that the safety devices prescribed by Labor Law § 240(1) would have prevented (see Kickler v Dove-Tree Greenery, Inc., 185 AD3d 1017, 1017-1018; Shaw v RPA Assoc., LLC, 75 AD3d 634, 635-636).
In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Moreover, contrary to the plaintiff's contention, Dileo's motion was not premature. "CPLR 3212(f) permits a party opposing summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated" (Juseinoski v New York Hosp. Med. Ctr. of Queens, 29 AD3d 636, 637; see CPLR 3212[f]; Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328, 1329). Here, the plaintiff failed to establish that discovery may result in disclosure of evidence which would support his argument that his injuries resulted from a gravity-related risk within the ambit of Labor Law § 240(1) (see Anzel v Pistorino, 105 AD3d 784, 786; cf. Sepulveda v Cammeby's Mgt. Co., LLC, 119 AD3d 927, 927).
The Supreme Court properly denied that branch of Dileo's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it. "'Labor Law § 241(6) imposes on owners and contractors a nondelegable duty to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all [*3]areas in which construction, excavation or demolition work is being performed'" (Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1258, quoting Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086). Here, Dileo failed to establish, prima facie, that the annual resurfacing of a parking lot did not constitute construction, excavation, or demolition work (see 12 NYCRR 23-1.4[b][13]; Ares v State of New York, 80 NY2d 959, 960; Mosher v State of New York, 80 NY2d 286, 289; Gonnerman v Huddleston, 78 AD3d 993, 995). Thus, this branch of Dileo's motion was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied that branch of Dileo's motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. "Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663). "Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Torres v City of New York, 127 AD3d 1163, 1165; see Ortega v Puccia, 57 AD3d 54, 61). To this end, a Labor Law § 200 cause of action falls under both of these categories where "the plaintiff's bill of particulars specifically describes [a defendant's] alleged negligence as including both the condition of the work site and the absence of safe and proper equipment" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52). Here, the Labor Law § 200 and common-law negligence causes of action fall into both of these categories, and Dileo failed to establish, prima facie, that it did not control the means and methods of the plaintiff's work or that it did not cause or create the allegedly defective condition that caused the plaintiff's injury (see Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 842; Pacheco v Smith, 128 AD3d 926, 927). Thus, this branch of Dileo's motion was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Supreme Court properly granted that branch of Splash's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it. As stated above, the record establishes that the plaintiff was not exposed to a gravity-related risk that safety devices prescribed by Labor Law § 240(1) would have protected against. However, the court should have denied those branches of Splash's motion which were for summary judgment dismissing the Labor Law §§ 241(6) and 200 and common-law negligence causes of action insofar as asserted against it (see generally Trenton Capital, LLC v Bank of New York Mellon, 184 AD3d 766, 767; Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1106). "'Labor Law §§ 240(1) and 241(6) apply to owners, contractors, and their agents'" (Alexandridis v Van Gogh Contracting Company, 180 AD3d 969, 973, quoting Fucci v Douglas S. Plotke, Jr., Inc., 124 AD3d 835, 836 [internal quotation marks omitted]). "'A party is deemed to be an agent of an owner or general contractor under the Labor Law when [he or she] has supervisory control and authority over the work being done where a plaintiff is injured'" (Navarra v Hannon, 197 AD3d 474, 475, quoting Sanders v Sanders-Morrow, 177 AD3d 920, 922 [internal quotation marks omitted]; see Medina v R.M. Resources, 107 AD3d 859, 860). "To impose such liability, the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Delahaye v Saint Anns School, 40 AD3d 679, 683). "'It is not a defendant's title that is determinative, but the amount of control or supervision exercised'" (Abdou v Rampaul, 147 AD3d 885, 887, quoting Linkowski v City of New York, 33 AD3d 971, 975).
Here, viewing the evidence in the light most favorable to the plaintiff (see Vega v Restani Constr. Corp., 18 NY3d 499, 503), Splash failed to meet its burden with respect to Labor Law § 241(6) as it failed to establish, prima facie, that it did not have supervisory control and authority over the plaintiff's work (see Linkowski v City of New York, 33 AD3d at 975; cf. Fiore v Westerman Constr. Co., Inc., 186 AD3d 570, 571-572). In addition, Splash failed to meet its burden with respect to Labor Law § 200 and common-law negligence as it failed to establish, prima facie, that it did not control the means and methods of the plaintiff's work or that no allegedly defective condition existed (see Rodriguez v HY 38 Owner, LLC, 192 AD3d at 842; Pacheco v Smith, 128 AD3d at 927). Accordingly, those branches of Splash's motion which were for summary judgment [*4]dismissing the Labor Law §§ 241(6) and 200 and common-law negligence causes of action insofar as asserted against it should have been denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Supreme Court properly granted that branch of the Premier defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the Labor Law § 240(1) cause of action insofar as asserted against them, as the plaintiff failed to sufficiently allege that he was involved in an enumerated activity at the time of his accident, or that his work subjected him to an elevation-related risk (see Soller v Dahan, 173 AD3d 803, 806; Enos v Werlatone, Inc., 68 AD3d 713, 714).
However, the Supreme Court should have denied that branch of the Premier defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.22(b)(1) and (c)(1) and 12 NYCRR 23-1.32. "To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of an Industrial Code provision that sets forth specific, applicable safety standards, and that his or her injuries were proximately caused by such Industrial Code violation" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718; see Aragona v State of New York, 147 AD3d 808, 809). To this end, "a distinction must be drawn between provisions of the Industrial Code mandating compliance with concrete specifications and those that establish general safety standards by invoking the '[g]eneral descriptive terms' set forth and defined in 12 NYCRR 23-1.4(a)" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). Here, the Premier defendants failed to establish that the aforementioned Industrial Code provisions were not sufficiently specific to support a cause of action under Labor Law § 241(6) (see Davies v Simon Prop. Group, Inc., 174 AD3d 850, 853-854; Mancini v Pedra Constr., 293 AD2d 453).
The Supreme Court erred in granting that branch of the Premier defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them. Contrary to the determination of the court, the plaintiff's allegations in the complaint and bill of particulars were sufficient to support these causes of action (see Rodriguez v HY 38 Owner, LLC, 192 AD3d 839; Ortega v Puccia, 57 AD3d at 61).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court