Mendes v State of New York (2026 NY Slip Op 01048)

Mendes v State of New York

2026 NY Slip Op 01048

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-05544

[*1]Nizia Florencia Silva Mendes, appellant,
vState of New York, respondent. (Claim No. 131639)

Queller, Fisher, Washor, Fuchs & Kool and The Law Office of William A. Gallina, LLP, New York, NY (Christopher L. Sallay of counsel), for appellant.
Cullen and Dykman, LLP, New York, NY (Virginia Harper and Christopher Ruggiero of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated April 1, 2024. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of Industrial Code (12 NYCRR) § 23-9.7(e).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of Industrial Code (12 NYCRR) § 23.9.7(e) is denied.
The claimant allegedly was injured while mixing paint inside the back of a box truck when the truck began to move. The claimant alleged that she tried to exit through the back of the truck, but at the same time, a coworker began to raise the lift gate of the truck. The claimant alleged that she ran towards the back of the truck, lost her balance, fell, and caught her leg in the lift gate, causing injury.
The claimant commenced this claim against the defendant to recover damages for personal injuries, alleging, among other things, a violation of Labor Law § 241(6) predicated on, inter alia, a violation of Industrial Code (12 NYCRR) § 23-9.7(e). The defendant moved, among other things, for summary judgment dismissing that portion of that cause of action on the ground that Industrial Code § 23-9.7(e) was inapplicable to the facts of this case because, among other reasons, the truck was not moving at the time of the accident. In an order dated April 1, 2024, the Court of Claims, inter alia, granted that branch of the defendant's motion. The claimant appeals.
Labor Law § 241(6) "imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Ochoa v JEM Real Estate Co., LLC, 223 AD3d 747, 749; see Guoxing Song v CA Plaza, LLC, 208 AD3d 760, 761). "To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code [*2]provision that is applicable under the circumstances of the case" (Cadena v Kupferstein, 238 AD3d 973, 975; see Bayron Chay Mo v Ultra Dimension Place, LLC, 236 AD3d 721).
Industrial Code § 23-9.7(e), titled, "Riding," provides: "[n]o person shall be suffered or permitted to ride on running boards, fenders or elsewhere on a truck or similar vehicle except where a properly constructed and installed seat or platform is provided."
Contrary to the defendant's contention, it failed to establish its prima facie entitlement to judgment as a matter of law dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of Industrial Code § 23-9.7(e), as the defendant failed to demonstrate that Industrial Code § 23-9.7(e) does not apply to the facts of this case. "'A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden on a motion for summary judgment'" (Valerio v City of New York, 238 AD3d 945, 947 [internal quotation marks omitted], quoting Zeldin v Larose, 223 AD3d 858, 858). Here, in support of its motion, the defendant submitted a conclusory affidavit from a quality control officer who did not personally witness the accident but stated that the truck was not moving. The defendant also submitted a transcript of the claimant's deposition testimony in which she testified that the truck was moving and a transcript of the deposition testimony of her co-worker, who also testified that the truck was moving at the time of the accident. The defendant did not establish, prima facie, that the truck was stationary at the time of the accident and that therefore Industrial Code § 23-9.7(e) did not apply (see generally Wetter v Northville Indus. Corp., 185 AD3d 874, 875). Nor did the defendant otherwise establish the inapplicability of Industrial Code § 23-9.7(e).
Accordingly, the Court of Claims should have denied that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of Industrial Code § 23-9.7(e).
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court