■ OLGA CARO, Appellant, v MARSH USA, INC., Respondents. [956 NYS2d 575]—

"The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court" (*Ito v Dryvit Sys.*, 5 AD3d 735, 735 [2004] [internal quotation marks omitted]; *see Downing v Moskovits*, 58 AD3d 671 [2009]). "The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (*Provident Life & Cas. Ins. Co. v Brittenham*, 284 AD2d 518, 518 [2001]; *see Wander v St. John's Univ.*, 67 AD3d 904, 905 [2009]). Contrary to the plaintiff's contention, the Supreme Court providently exercised its broad discretion in directing that all further depositions in this action be held at the offices of the defendants' attorney and be video recorded. The parties' respective submissions on the motion, while conflicting in some respects, both established that the plaintiff's attorney struck the defendants' attorney during a deposition; hence, an evidentiary hearing on the issue was unnecessary (*see generally Matter of Fewell v Koons*, 87 AD3d 1405, 1405-1406 [2011]; *Matter of Gordon v Marrone*, 202 AD2d 104, 111 [1994]).

Moreover, "[g]enerally, a court may, in its discretion, 'grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party' " (*Clair v Fitzgerald*, 63 AD3d 979, 980 [2009], quoting *Frankel v Stavsky*, 40 AD3d 918, 918-919 [2007]; *see Emigrant Mtge. Co., Inc. v Fisher*, 90 AD3d 823, 824 [2011]; *Matter of Myers v Markey*, 74 AD3d 1344, 1345 [2010]). Here, the relief granted by the Supreme Court closely approximated that sought by the defendants in their motion, and fulfilled the goal of having future depositions conducted in a controlled, monitored environment. Additionally, the relief was amply supported by the proof and neither surprised nor prejudiced the plaintiff, who was afforded a full and fair opportunity to argue against it. Accordingly, there is no basis in the record to disturb the court's exercise of discretion. Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.