# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1282**
**CA 13-00587**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

JOHN F. MIKULSKI, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RUSSELL M. BATTAGLIA, DEFENDANT-APPELLANT.

---

DIANE M. CIURCZAK, BUFFALO, FOR DEFENDANT-APPELLANT.

AMIGONE, SANCHEZ & MATTREY, LLP, BUFFALO (RICHARD S. JUDA, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered May 30, 2012. The order, among other things, denied the cross motion of defendant for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for fraudulent inducement and fraudulent misrepresentation, arising from his purchase of a home from defendant. Defendant appeals from an order that, inter alia, denied his cross motion for summary judgment dismissing the amended complaint. We note at the outset that defendant's contention that he was entitled to dismissal of the amended complaint pursuant to CPLR 3211 (a) (11) was raised for the first time in his reply papers in Supreme Court. "The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion" (*Dannasch v Bifulco*, 184 AD2d 415, 417). Thus, defendant's contention was not properly before the court (*see Zolfaghari v Hughes Network Sys., LLC*, 99 AD3d 1234, 1235, *lv denied* 20 NY3d 861).

Even assuming, arguendo, that defendant met his initial burden on that part of the cross motion with respect to the fraudulent concealment cause of action by submitting evidence that he did not knowingly fail to disclose any defects in the property (*see generally Sample v Yokel*, 94 AD3d 1413, 1415), we conclude that plaintiff raised a triable issue of fact in opposition (*see generally Jablonski v Rapalje*, 14 AD3d 484, 485-486).

We reject defendant's contention that the court erred in denying that part of the cross motion with respect to the fraud cause of

action on the ground that it fails to meet the requirements of CPLR 3016 (b). The statute "requires only that the misconduct complained of be set forth in sufficient detail to clearly inform a defendant with respect to the incidents complained of" (*Lanzi v Brooks*, 43 NY2d 778, 780, *mot to amend remittitur granted* 43 NY2d 947, *rearg denied* 44 NY2d 733; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178), and that standard was met here. Furthermore, we agree with plaintiff that the court otherwise properly denied that part of defendant's cross motion for summary judgment dismissing the fraud cause of action on the merits. It is well settled that, "[t]o establish a cause of action for fraud, plaintiff must demonstrate that defendant[] knowingly misrepresented a material fact upon which plaintiff justifiably relied and which caused plaintiff to sustain damages" (*Klafehn v Morrison*, 75 AD3d 808, 810). False representation in a property condition disclosure statement mandated by Real Property Law § 462 (2) "may constitute active concealment in the context of fraudulent nondisclosure . . . , [but] to maintain such a cause of action, 'the buyer must show, in effect, that the seller thwarted the buyer's efforts to fulfill the buyer's responsibilities fixed by the doctrine of caveat emptor' " (*Klafehn*, 75 AD3d at 810). Here, although defendant met his initial burden on that part of the cross motion with respect to the fraud cause of action by submitting evidence that he did not knowingly fail to disclose any defects in the property (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), plaintiff raised a triable issue of fact (*see generally id.*).

Entered: December 27, 2013
Frances E. Cafarell
Clerk of the Court