■ ALL STATE FLOORING DISTRIBUTORS, L.P., Appellant, v MD FLOORS, LLC, et al., Respondents. [16 NYS3d 539]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered August 15, 2014, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff sells wood flooring, and defendant Michael Savino owns defendant MD Floors, a flooring installer. Between October 2010 and May 2011, MD Floors purchased hardwood flooring from plaintiff for installation in a Manhattan apartment. Specifically, Savino ordered 3,600 square feet of wood flooring from plaintiff on behalf of MD Floors. Savino alleges, however, that one of the shipments from plaintiff contained faulty wood flooring, requiring MD Floors workers to spend

extra time sorting through it. All State Flooring made a supplemental shipment of wood flooring to replace the flooring that had been found defective.

Plaintiff commenced this action seeking to recover $48,188.50 of wood flooring that was delivered to MD Floors. After discovery, plaintiff moved for summary judgment on its breach of contract claim (first claim) against MD Floors and its claim (fourth) against Savino personally based upon an alleged personal guaranty. Plaintiff also moved for summary judgment dismissing MD Floors' first and second counterclaims against plaintiff. Supreme Court denied plaintiff's motion, finding that plaintiff had "default[ed]" on the motion by failing to appear for oral argument. Alternatively, Supreme Court denied the motion on the merits by finding triable issues of fact on both plaintiff's claims and MD Floors' counterclaims.

We now affirm the denial of the motion for summary judgment. We find, however, that Supreme Court erred in finding that plaintiff had "default[ed]" on this motion. We fail to perceive the conduct that constituted plaintiff's default. It was plaintiff who submitted the motion for summary judgment. Typically, a motion for summary judgment can be readily decided on the papers unless oral argument is mandated by the motion court as "necessary." Nothing in the record before us suggests that the parties were on notice that oral argument was indispensable for resolution of plaintiff's motion. Indeed, when Supreme Court ultimately rendered its decision on the record, counsel for both parties were present. Under the circumstances, Supreme Court abused its discretion as a matter of law by disposing of the motion on the procedural ground sua sponte imposed by the court.

On the merits, however, we agree with Supreme Court in all respects. Plaintiff was not entitled to summary judgment on its breach of contract claim against MD Floors or its claim against Savino. With regard to the breach of contract claim (first claim), plaintiff moved for summary judgment for the full amount alleged in the complaint. MD Floors, however, has submitted testimonial and documentary evidence tending to establish that it made partial payment to plaintiff.

With regard to its breach of contract claim for attorney's fees, plaintiff has failed to meet its burden of showing entitlement to summary judgment. In support of this claim, plaintiff relied on what purports to be a photocopy of the back of a transaction invoice, which states that past due sums would be subject to a 1.15 percent monthly interest rate and attorney's fees. This document, however, was submitted together with

plaintiff's reply affirmation. "The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds [or evidence] for the motion" (*Dannasch v Bifulco*, 184 AD2d 415, 417 [1st Dept 1992]). In any event, the invoices are not signed by MD Floors, nor was any evidence submitted that the invoices were provided to MD Floors either before or at the time of delivery, such that it can be inferred that MD Floors assented to their terms.

On the claim against Savino individually based on a personal guaranty, Savino raised triable issues of fact as to whether he signed the credit agreement, which contained the personal guaranty provision. Contrary to plaintiff's allegations, defendant Savino proffered more than a bald assertion of forgery. He provided an affidavit in which he disputed the signature, and provided an exemplar which showed differences in the signatures (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381 [2004]; *Diplacidi v Gruder*, 135 AD2d 395 [1st Dept 1987]).

Lastly, plaintiff was not entitled to summary judgment dismissing MD Floors' first and second counterclaims against plaintiff. As clarified during discovery, MD Floors' first counterclaim, for consequential damages, is based on the allegation that it incurred additional labor costs because of the defective flooring delivered by plaintiff. Savino's testimony on this counterclaim was sufficient to defeat summary judgment. Savino explained that he arrived at the extra cost sought by calculating the cost of manpower hours incurred by MD Floors in having to sort through the defective wood. MD Floors also raised triable issues of fact on its second counterclaim, which alleges that it was double-billed for flooring. While plaintiff concedes that a portion of the shipment was defective, no testimonial or documentary evidence was submitted to contradict the claim of double-billing. Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.