USAA FEDERAL SAVINGS BANK, Appellant, v STERLING H. CALVIN, Defendant, and IVETTE L. CALVIN, Respondent. [43 NYS3d 404]——

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated March 31, 2014, which granted the motion of the defendant Ivette L. Calvin to stay the sale of the subject mortgaged property, granted that defendant's application, made in her reply affirmation, to vacate the final judgment of foreclosure and sale entered April 26, 2012, on condition that she pay a certain sum of money, and, sua sponte, awarded related relief not requested by the parties.

Ordered that, on the Court's own motion, the notice of appeal from so much of the order as granted the application of the defendant Ivette L. Calvin, made in her reply affirmation, to vacate the final judgment of foreclosure and sale entered April 26, 2012, on condition that she pay a certain sum of money, and, sua sponte, awarded related relief not requested

by the parties, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the motion and the application of the defendant Ivette L. Calvin are denied.

On September 18, 2004, the plaintiff, USAA Federal Savings Bank (hereinafter USAA), and the defendant Sterling H. Calvin (hereinafter Sterling) entered into a home equity line of credit agreement. Although she was not a party to the 2004 home equity line of credit agreement, the defendant Ivette L. Calvin (hereinafter Ivette), who was married to Sterling, signed a credit line mortgage, also dated September 18, 2004, in her status not as a borrower, but rather as an owner of the property that was encumbered by a mortgage (hereinafter the property; the agreement and the mortgage hereinafter together referred to as the 2004 HELOC).

Ivette and Sterling subsequently divorced, and a resettled judgment of divorce was entered March 23, 2009. Thereafter, on or about October 23, 2009, USAA commenced the instant foreclosure action based on Sterling's failure to comply with the terms of the 2004 HELOC. Neither Sterling nor Ivette answered the complaint, and a final judgment of foreclosure and sale was entered April 26, 2012.

By order to show cause dated June 19, 2012, Ivette moved in the matrimonial action to hold Sterling in contempt and to direct the recording of a deed transferring Sterling's interest in the property to Ivette (hereinafter the contempt motion). Before the contempt motion was decided, Ivette moved in the instant foreclosure action to stay the imminent foreclosure sale of the property based on the pending contempt motion against Sterling in the matrimonial action, and for "such other and further relief as [the] Court deems to be just and proper." In support of her motion to stay the foreclosure sale, Ivette contended that she anticipated that her contempt motion would be granted in the matrimonial action, that she would acquire Sterling's interest in the subject property, and that she would be able to refinance the property. In September 2012, the plaintiff submitted papers opposing Ivette's motion to stay the foreclosure sale.

By order dated June 17, 2013, the Supreme Court presiding over the matrimonial action decided the contempt motion and directed the Sheriff to convey a deed transferring Sterling's interest in the property to Ivette. On December 13, 2013, more than a year after the plaintiff submitted its opposition papers

to Ivette's motion to stay the foreclosure sale, Ivette submitted a reply affirmation in which she sought, for the first time, to vacate the judgement of foreclosure and sale on various grounds, including that the plaintiff had notice of a "restraining order" and negligently allowed Sterling to draw funds from the 2004 HELOC.

In the order appealed from, the Supreme Court granted Ivette's motion to stay the foreclosure sale and granted her request, made in her reply affirmation, to vacate the judgment of foreclosure and sale entered April 26, 2012, on condition that she pay a certain sum of money. The court also, sua sponte, awarded related relief not requested by the parties.

The court may grant relief that is warranted pursuant to a general prayer for relief contained in a notice of motion if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party (*see Calderon v Esenova*, 132 AD3d 711, 712 [2015]; *Evans v Argent Mtge. Co., LLC*, 120 AD3d 618, 620 [2014]; *Carter v Johnson*, 110 AD3d 656, 658 [2013]; *Caro v Marsh USA, Inc.*, 101 AD3d 1068, 1069 [2012]; *Nehmadi v Davis*, 95 AD3d 1181, 1184 [2012]; *Emigrant Mtge. Co., Inc. v Fisher*, 90 AD3d 823, 824 [2011]; *Geffner v Mercy Med. Ctr.*, 83 AD3d 998, 999 [2011]; *Shaw v RPA Assoc., LLC*, 75 AD3d 634, 635-636 [2010]; *Frankel v Stavsky*, 40 AD3d 918, 918-919 [2007]). Here, Ivette's application to vacate the final judgment of foreclosure and sale, as well as the related relief awarded, sua sponte, by the Supreme Court, was "dramatically unlike" the relief sought in Ivette's motion, which only sought to stay the impending foreclosure sale based on her pending contempt motion in the matrimonial action.

The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds or evidence for, the motion (*see All State Flooring Distribs., L.P. v MD Floors, LLC*, 131 AD3d 834, 836 [2015]; *Mikulski v Battaglia*, 112 AD3d 1355, 1356 [2013]; *Matter of Allstate Ins. Co. v Dawkins*, 52 AD3d 826, 827 [2008]; *Dannasch v Bifulco*, 184 AD2d 415, 415 [1992]). Here, Ivette's reply papers included new arguments in support of the motion, new grounds and evidence for the motion, and expressly requested relief that was dramatically unlike the relief sought in her original motion. Accordingly, those contentions, and the grounds and evidence in support of them, were not properly before the Supreme Court. Similarly, the court erred in, sua sponte, awarding related relief not requested by the parties (*see Matter of Myers v Markey*, 74 AD3d 1344 [2010]).

In support of her motion for a stay, Ivette, who was in default in answering the complaint, failed to set forth any proper grounds supporting a stay of the foreclosure sale (*see* CPLR 317, 5015; RPAPL 1341). Accordingly, the Supreme Court should have denied Ivette's motion to stay the foreclosure sale. Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.