Lee v Law Offs. of Kim & Bae, P.C. (2018 NY Slip Op 03516)





Lee v Law Offs. of Kim & Bae, P.C.


2018 NY Slip Op 03516


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-06568
 (Index No. 13926/3)

[*1]Jae S. Lee, appellant, 
v
Law Offices of Kim & Bae, P.C., et al., respondents. JSL Law Offices, P.C., Flushing, NY (Jae S. Lee pro se and Jennifer Ettenger of counsel), for appellant.


Kim & Bae, P.C., New York, NY (Peter Melamed and Edward N. Mazlish of counsel), respondent pro se and for respondents Bong Jun Kim and Mun Kyeung Bae.



DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Nassau County (Angela G. Iannacci, J.), entered April 30, 2015. The order, insofar as appealed from, denied the plaintiff's application, made in her reply affirmation, to deem her motion for leave to enter a default judgment to also be considered as one to vacate a prior order of the same court dated February 26, 2014, granting the defendants' unopposed motion to dismiss the complaint, and thereupon, for leave to enter a default judgment in her favor.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order entered April 30, 2015, as denied the plaintiff's application, made in her reply affirmation, to deem her motion for leave to enter a default judgment to also be considered as one to vacate the prior order dated February 26, 2014, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered April 30, 2015, is affirmed insofar as appealed from, with costs.
After the plaintiff commenced this action, inter alia, to recover damages for malicious prosecution, the defendants moved to dismiss the complaint pursuant to CPLR 3211(a)(5) and (7). In an order dated February 26, 2014 (hereinafter the dismissal order), the Supreme Court granted the defendants' unopposed motion to dismiss the complaint (hereinafter the dismissal order).
More than eight months later, the plaintiff moved for leave to enter a default judgment in her favor. After opposition papers were served, the plaintiff served a reply affirmation, in which she requested that the Supreme Court consider her motion to be one to vacate the order of dismissal, and thereupon, for leave to enter a default judgment in her favor. The court denied, as academic, the plaintiff's motion for leave to enter a default judgment in light of the dismissal order. The court also denied the plaintiff's application to deem her motion to also be considered as one to vacate the dismissal order, and the plaintiff appeals from that portion of the order.
The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds or evidence for, the motion (see USAA Fed. Sav. Bank v Calvin, 145 AD3d 704, 706; Allstate Flooring Distribs., L.P. v MD Floors LLC, 131 AD3d 834, 836; Mikulski v Battaglia, 112 AD3d 1355, 1356; Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826, 827; Dannasch v Bifulco, 184 AD2d 415, 415). Here, the plaintiff's reply papers included new arguments in support of the motion, new grounds and evidence for the motion, and expressly requested relief that was dramatically unlike the relief sought in her original motion (see USAA Fed. Sav. Bank v Calvin, 145 AD3d at 706; Carter v Johnson, 110 AD3d 656, 658). Therefore, those contentions, and the grounds and evidence in support of them, were not properly before the Supreme Court (see USAA Fed. Sav. Bank v Calvin, 145 AD3d at 706; Mikulski v Battaglia, 112 AD3d at 1356). Accordingly, we agree with the court's determination to deny the plaintiff's application to deem her motion to also be considered as one to vacate the dismissal order.
The plaintiff's remaining contention is not properly before this Court.
LEVENTHAL, J.P., BARROS, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court