Edwards v Gorman (2018 NY Slip Op 04129)





Edwards v Gorman


2018 NY Slip Op 04129


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


404 CA 17-01585

[*1]MICHAEL EDWARDS AND KAREN ROTHENBERGH, PLAINTIFFS-APPELLANTS,
v
FRANCINE M. GORMAN, RURAL/METRO OF ROCHESTER, INC., RURAL/METRO MEDICAL SERVICES, RURAL/METRO OF NEW YORK, INC., R/M MANAGEMENT CO., INC. (ALSO KNOWN AS RURAL/METRO MANAGEMENT), AND RURAL/METRO CORPORATION, DEFENDANTS-RESPONDENTS. 






FARACI LANGE, LLP, ROCHESTER (CAROL A. MCKENNA OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
GOLDBERG SEGALLA LLP, ROCHESTER (PATRICK B. NAYLON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered November 16, 2016. The order, insofar as appealed from, denied plaintiffs' motion for summary judgment on the issue of liability. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and plaintiffs' motion is granted in accordance with the following memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Michael Edwards (plaintiff) when he was struck by an ambulance driven by defendant Francine M. Gorman. At the time of the collision, plaintiff, a parking attendant, was tasked with instructing vehicles traveling in a two-lane, one-way "pass-through" road of the entrance loop of Strong Memorial Hospital on how to reach an alternate entrance for a nearby parking garage. Plaintiff was standing in the center of the pass-through road between the two lanes of travel, and Gorman struck him as she was slowing down for a stop sign at the end of the pass-through road. Plaintiffs moved for partial summary judgment on the issue of liability, and defendants cross-moved for partial summary judgment on the issue of plaintiff's comparative fault. Supreme Court denied the motion and cross motion, and plaintiffs appeal. We agree with plaintiffs that the court erred in denying their motion.
We note at the outset that the issue of serious injury was previously decided in plaintiffs' favor, and no appeal was taken from that order. Thus, in seeking partial summary judgment on liability, plaintiffs were required to establish only that Gorman was negligent and that her negligence was a proximate cause of the accident. We conclude that plaintiffs met that burden by providing photographs, video footage and Gorman's deposition testimony in which she admitted that she executed a wide turn through multiple lanes of the pass-through road, which constitutes a violation of Vehicle and Traffic Law § 1128 (a) (see Gabriel v Great Lakes Concrete Prods. LLC, 151 AD3d 1855, 1855-1856 [4th Dept 2017]). In opposition, defendants failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although defendants successfully raised triable issues of fact with respect to plaintiff's negligence, that is of no moment in the context of plaintiffs' appeal. "To be entitled to partial summary judgment a plaintiff does not bear the double burden of establishing a prima facie case of defendant's liability and the absence of his or her own comparative fault" (Rodriguez v City of New York, — NY3d &mdash, &mdash, 2018 NY Slip Op 02287, *6 [2018]).
To the extent that plaintiffs contend that Gorman's negligence was the sole proximate cause of the accident, we conclude that their contention is not properly before us inasmuch as it [*2]was raised for the first time in their reply papers in Supreme Court (see Mikulski v Battaglia, 112 AD3d 1355, 1356 [4th Dept 2013]). In any event, as noted herein, defendants raised triable issues of fact concerning plaintiff's comparative fault.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court