Trenton Capital, LLC v Bank of N.Y. Mellon (2020 NY Slip Op 03416)





Trenton Capital, LLC v Bank of N.Y. Mellon


2020 NY Slip Op 03416


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-10268
 (Index No. 507693/18)

[*1]Trenton Capital, LLC, respondent, 
v
Bank of New York Mellon, etc., appellant.


Akerman, LLP, New York, NY (Jordan M. Smith and Natsayi Mawere of counsel), for appellant.



DECISION & ORDER
In an action to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated August 17, 2018. The order, insofar as appealed from, sua sponte, canceled the note that was secured by the subject mortgage.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, canceled the note that was secured by the subject mortgage, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements.
In August 2006, Steven Craig, who is not a party to this action, executed a note in favor of Countrywide Bank, N.A. (hereinafter Countrywide), which was secured by a mortgage on residential property in Brooklyn. In April 2008, the Bank of New York, as assignee, commenced an action against Craig and others to foreclose the mortgage, electing to declare the entire balance of the mortgage debt immediately due. In February 2012, the Bank of New York filed a stipulation discontinuing the action without prejudice.
In December 2015, the defendant, Bank of New York's successor in interest, commenced a second foreclosure action against Craig and others. Craig moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him as barred by the statute of limitations. Craig's motion was granted, and, in a decision and order dated February 6, 2019, this Court affirmed that determination (Bank of N.Y. Mellon v Craig, 169 AD3d 627).
In April 2018, prior to the issuance of this Court's decision and order, the plaintiff, as the holder of a junior mortgage interest in the subject property, commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the defendant's mortgage on the subject property on the ground that the statute of limitations to foreclose that mortgage had expired. The defendant moved for summary judgment, arguing that cancellation of the mortgage was inappropriate because the December 2015 action was still pending. The plaintiff cross-moved for [*2]summary judgment on the complaint. The Supreme Court denied the defendant's motion, granted the plaintiff's cross motion, and granted the relief requested by the plaintiff, i.e., the cancellation of the subject mortgage. Additionally, the court, sua sponte, canceled the note that was secured by the subject mortgage. The defendant appeals from so much of the order as, sua sponte, canceled the note.
"The court may grant relief that is warranted pursuant to a general prayer for relief contained in a notice of motion if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (USAA Fed. Sav. Bank v Calvin, 145 AD3d 704, 706). Here, the plaintiff only sought cancellation and discharge of the subject mortgage, not cancellation of the note. The Supreme Court should not have granted additional relief sua sponte (see U.S. Bank N.A. v Halevy, 176 AD3d 1009, 1009-1010). We note that the plaintiff lacked standing to seek cancellation of the note, as it was not a party to it. Accordingly, we reverse the order insofar as appealed from.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court