| |
|---|
| **Bradshaw v City of New York** |
| 2024 NY Slip Op 33618(U) |
| October 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157038/2023 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JEANINE R. JOHNSON**      PART      **52-M**

*Justice*

-------------------------------------------------------------------------------X

DWAYNE BRADSHAW,

                     Plaintiff,

                - v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF CORRECTION

                     Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157038/2023 |
| MOTION DATE | 01/17/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to/for             **DISMISSAL**             .

Upon the foregoing documents and oral argument held on 07/31/2024, Defendants–The

City of New York (hereinafter "The City") and The New York City Department of Correction's

(hereinafter "Defendant–DOC") motion to dismiss Plaintiff–Dwayne Bradshaw's complaint

pursuant to CPLR § 3211(a)(7) is granted as to the dismissal of Defendant–DOC and Plaintiff's

Section 1983 and disparate impact claims. The motion is denied as to Plaintiff's race and

disability discrimination claims, and in all other respects.

As an initial matter, Plaintiff did not appear for oral argument on 07/31/2024. Plaintiff

was on notice of the motion (Notice of Motion NYSCEF Doc. No. 4) and had the opportunity to

oppose the motion. (NYSCEF Doc. No. 11); *see generally All State Flooring Distributors, L.P.*

*v. MD Floors, LLC*, 131 A.D.3d 834 (1st Dep't 2015). The Court proceeded with the matter on

the record and heard Defendants' argument. Plaintiff's arguments are analyzed herein based

upon his opposition papers.

On a motion to dismiss pursuant to CPLR § 3211(a)(7), for failure to state a cause of action, the pleading is to be afforded a liberal construction. *Leon v. Martinez,* 84 N.Y.2d 83 (1994). This Court is required to "determine only whether the facts alleged fit within any cognizable legal theory." *Bernberg v. Health Mgmt. Sys.,* 303 A.D.2d 348, 349 (2d Dep't 2003). However, allegations comprising bare legal conclusions are not entitled to the same consideration. *See Connaughton v. Chipotle Mexican Grill, Inc.,* 29 N.Y.3d 137 (2017) *quoting Simkin v. Blank,* 19 N.Y.3d 46 (2012).

<u>DOC Is Not a Suable Entity</u>

Pursuant to section 396 of the New York City Charter, all legal actions and proceedings for the recovery of penalties for the violation of any law shall be brought against the city of New York and not against a city agency. *See* New York City Charter, Ch. 17 § 396. "Suits against the New York City Department of Correction are suits against a non-suable entity and are properly dismissed upon that basis" *See Echevarria v. Dep't of Correctional Servs.,* 48 F.Supp.2d 388, 391 (S.D.N.Y. 1999). Thus, Defendant–New York City Department of Corrections is dismissed from this action.

<u>Section 1983 Claim</u>

The City's motion to dismiss Plaintiff's 42 U.S.C. §1983 claim is granted. To sufficiently allege a prima facie case under Section 1983, the plaintiff must show that the defendants acted under the color of state law to deprive the plaintiff of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States–the complaint must set forth specific factual allegations indicating the deprivation of rights. *See generally Rodriguez v. City of New York*, 87 A.D.3d. 867 (1st Dep't 2011). The City argues that Plaintiff did not specifically allege that he was deprived of any constitutional right.

**157038/2023   BRADSHAW, DWAYNE vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 2 of 7**

2 of 7

[* 2]

This Court finds that Plaintiff did not plead with sufficient specificity factual allegations that indicate a deprivation of rights. Additionally, Plaintiff did not oppose The City's argument for dismissal of this claim. Thus, Plaintiff abandoned his section 1983 claim, and it is dismissed. *See Cassell v. City of New York*, 159 A.D.3d 603 (1st Dep't 2018) (holding that Plaintiff's claim under Section 1983 is abandoned because Plaintiff did not oppose the City's argument that the complaint had failed to state a section 1983 claim); *see generally Bonventre v. Soho Mews Condominium*, 173 A.D.3d 411, 412 (1st Dep't 2018).

Disparate Impact Claim

The City's motion to dismiss Plaintiff's disparate impact claim is granted. To sufficiently allege a cognizable claim for disparate impact, the plaintiff must demonstrate that a facially neutral practice had a disproportionate impact on them, and it is the plaintiff's burden to identify the specific employment practice responsible for the disparities. *See generally Campaign for Fiscal Equity v. State*, 719 N.Y.S.2d 475 (Sup. Ct. N.Y. Cnty. 2001).

This Court finds that Plaintiff did not allege a facially neutral practice that had a disproportionate impact on him in the complaint. Furthermore, Plaintiff failed to oppose the argument for dismissal of this claim. Thus, Plaintiff abandoned his disparate impact claim, and it is dismissed. *Cassell*, 159 A.D.3d 603.

Race Discrimination Claim

The City's motion to dismiss Plaintiff's claim of racial discrimination is denied. To sufficiently allege a prima facie case of racial discrimination under State HRL and City HRL, the plaintiff must demonstrate they are: (1) a member of a protected class, (2) qualified to hold their position, (3) suffered and adverse employment action, (4) the adverse employment action

157038/2023   BRADSHAW, DWAYNE vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 3 of 7

occurred under circumstances that give rise to an inference of discrimination. *See generally Harrington v. City of New York*, 157 A.D.3d 582 (1st Dep't 2018).

The City argues that Plaintiff did not allege facts that give rise to an inference that The City acted with discriminatory animus by terminating his employment. (NYSCEF Doc. No. 8). Plaintiff established that he is a member of a protected class because he identifies as Black/African American, he was qualified to hold his position as a Correction Officer, he was terminated from his position and pled that he was deprived of the terms, conditions, and privileges of his employment due to his race. (NYSCEF Doc. No. 2). Affording Plaintiff the benefit of every favorable inference, this Court finds that Plaintiff sufficiently pled a cause of action for racial discrimination under State HRL and City HRL. Therefore, The City's motion to dismiss Plaintiff's race discrimination claim is denied.

Disability Discrimination Claim

The City's motion to dismiss Plaintiff's claim of disability discrimination is denied. In addition to the *Harrington* factors, to sufficiently allege a prima facie case of disability discrimination under State HRL and City HRL, "the plaintiff must demonstrate that he or she suffered from a disability and that disability caused the behavior for which they were terminated." *Pimentel v. Citibank, N.A.*, 29 A.D.3d 141, 144 (1st Dep't 2006). Under State HRL disability is defined as "a physical, mental, or medical impairment…which upon the provision of reasonable accommodations, does not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held." *Id.* at 145. Under City HRL, disability is defined as "any physical, medical, mental, or psychological impairment…and an employe has the obligation to 'make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job…provided that the disability is known or

**157038/2023  BRADSHAW, DWAYNE vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 4 of 7

4 of 7

should have been known by the [employer].'" *Watson v. Emblem Health Services*, 158 A.D.3d 179, 182 (1st Dep't 2018).

The City argues that Plaintiff failed to plead a cause of action for disability discrimination because Plaintiff did not allege facts that give rise to an inference that The City acted with discriminatory animus by terminating his employment. (NYSCEF Doc. No. 8). The City contends that Plaintiff failed to show that he is a member of a protected class by establishing that he has a disability, the nature of the disability or assert a need for a reasonable accommodation. *Id.* In his complaint, Plaintiff's alleges that he suffered significant injury from excessive force interactions at work which constitutes a disability. (NYSCEF Doc. No. 2). He further alleges that The City was aware of the disability because it happened at work, and he took medical leave as a result. Plaintiff contends his termination was based on disability discrimination because he was terminated for excessive use of leave due to the disability. *Id.* He further contends that The City had an obligation to offer a reasonable accommodation and failed to do so. *Id.*

This Court finds that Plaintiff sufficiently pled a cause of action for disability discrimination because Plaintiff alleged a known disability within the meaning of State HRL and City HRL and that he suffered an adverse employment action because of the disability. Thus, The City's motion to dismiss Plaintiff's disability discrimination claim is denied.

Accordingly it is hereby,

ORDERED that Defendants – The City of New York and The New York City Department of Correction's motion to dismiss is granted with respect to disparate impact and Section 1983 claims, it is further

157038/2023   BRADSHAW, DWAYNE vs. THE CITY OF NEW YORK ET AL          Page 5 of 7
Motion No. 001

5 of 7

ORDERED that Defendants – The City of New York and The New York City Department of Correction's motion to dismiss is denied with respect to the race and disability discrimination claims and in all other respects, it is further

ORDERED that all claims against Defendant –The New York City Department of Correction are dismissed, it is further

ORDERED that the action is severed and continued against the remaining Defendant — The City of New York; it is further

ORDERED that the caption is amended to read as follows:

----------------------------------------------------------------------------X

DWAYNE BRADSHAW,

Plaintiff,

- v -

THE CITY OF NEW YORK

Defendant.

----------------------------------------------------------------------------X

it is further;

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; it is further,

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on*

157038/2023   BRADSHAW, DWAYNE vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 6 of 7

6 of 7

*Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| 10/8/2024 | | JEANINE R. JOHNSON, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED  ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

157038/2023   BRADSHAW, DWAYNE vs. THE CITY OF NEW YORK ET AL          Page 7 of 7
Motion No.  001

7 of 7