## New York City Hous. Auth. v Dilligard

2025 NY Slip Op 32469(U)

July 11, 2025

Supreme Court, New York County

Docket Number: Index No. 450680/2023

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. KATHLEEN WATERMAN-MARSHALL          PART          31

*Justice*

-------------------------------------------------------------------------------X

NEW YORK CITY HOUSING AUTHORITY

                   Plaintiff,

            - v -

RAMEL DILLIGARD,

                   Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 450680/2023 |
| MOTION DATE | 07/29/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 43, 44, 45, 46, 47, 48, 49, 50, 51

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

      This matter was administratively transferred to Part 31.

      Upon the foregoing documents, defendant Ramel Dilligard ("Mr. Dilligard") moves to vacate the prior jurist's decision and order ("the Decision") granting plaintiff New York City Housing Authority ("NYCHA") a default judgment under motion sequence 003. NYCHA opposes.

## Background

      Mr. Dilligard was a former tenant of NYCHA. NYCHA brought this action seeking unpaid rent. Mr. Dilligard answered the complaint, and raised, as an affirmative defense, habitability conditions in the apartment, which he alleged were dangerous to his health and safety and ultimately required him to vacate the apartment.

      Prior to this matter's transfer to Part 31, a court conference was scheduled on March 6, 2024 ("the Conference"). NYCHA appeared at the Conference, but there was no appearance on behalf of Mr. Dilligard. Justice Nock, the jurist previously assigned to this matter, permitted NYCHA to move for a default judgment against Mr. Dilligard for his failure to appear at the Conference. NYCHA then filed a default judgment motion; however, its motion sought a default judgment on inapplicable grounds. Rather than move for a default judgment on the basis that Mr. Dilligard failed to appear at the Conference, as permitted by Justice Nock, NYCHA incorrectly alleged that Mr. Dilligard failed to timely answer the complaint (NYSCEF Doc. No. 27 at ¶ 8-9). It is undisputed that this was error; Mr. Dilligard had timely answered the complaint (NYSCEF Doc. No. 51, *passim*; NYSCEF Doc. No. 15). Notwithstanding this error, Mr. Dilligard failed to oppose NYCHA's default judgment motion and Justice Nock granted the motion. The Decision granted default judgment on three bases: (1) "pursuant to the Uniform Rules of the Trial Courts (22 NYCRR) § 202.27;" (2) "for the reasons set forth in the moving papers … and the exhibits

[* 1]

attached thereto, in which the court concurs;" and (3) "on default and without opposition" (NYSCEF Doc. No. 37).

Now, by the instant motion, Mr. Dilligard moves to vacate the Decision granting NYCHA a default judgment against him. He contends that the sole basis for NYCHA's default judgment motion was the erroneous assertion that he failed to answer the complaint. As Justice Nock's Decision stated that it concurred with the erroneous assertion in NYCHA's papers, Mr. Dilligard contends that it must be vacated. He also asserts that he has a reasonable excuse for failing to oppose the default motion – law office failure.

Justice Nock heard oral argument on Mr. Dilligard's motion on October 10, 2024 (NYSCEF Doc. No. 51), but Justice Nock did not issue a decision, and this matter was part of an *en masse* administrative transfer to Part 31 in late January of 2025.

**Discussion**

A motion to vacate a jurist's order should, ordinarily, be made to the jurist who signed the order, unless that jurist is unable to hear the motion (CPLR 2221[a]; CPLR 5015[a]). Justice Nock is not available to hear this motion as he was administratively reassigned and is no longer a Supreme Court Civil Term Justice. Justice Nock is therefore unable to hear this motion, and it is proper for this Court to do so.

Mr. Dilligard's motion does not specify under which section of the CPLR he seeks relief. As the Decision Mr. Dilligard seeks to vacate is for default judgment, the Court deems the motion to be brought under CPLR 5015(a)(1) (*see* Hon. Mark Dillon, Practice Commentaries, 2024, CPLR 5015 C5015:1 *citing U.S. Bank N.A. v Jeffrey*, 222 AD3d 802 [2d Dept 2023] [in applying CPLR 5015, court is guided not by how a party designates the motion, but rather by what the motion actually seeks]).

A defendant moving to vacate a default under CPLR 5015(a) must demonstrate a reasonable excuse for the default and a meritorious defense (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Kassiano v Palm Mgt. Corp.*, 95 AD3d 541 [1st Dept 2012]). This standard applies where a default judgment is awarded for a party's failure to appear under 22 NYCRR § 202.27 (*see e.g. Davis v 574 Lafa Corp.*, 206 AD3d 613, 614 [2d Dept 2022]). "The determination of whether a reasonable excuse has been offered is *sui generis* and should be based on all relevant factors" (*Chevalier v 368 E. 148th Street Assocs., LLC*, 80 AD3d 411, 413-14 [1st Dept 2011]). Among those factors are "the length of the delay chargeable to the movant, whether the opposing party has been prejudiced, whether the default was willful, and the strong public policy favoring the resolution of cases on the merits" (*id.*; *see also Mejia v. Ramos*, 113 AD3d 429, 430 [1st Dept 2014]). The determination of whether an excuse is reasonable is left to the sound discretion of the motion courts (*Navarro v A. Trenkman Estate, Inc.*, 279 AD2d 257 [1st Dept 2001]). "[C]ertain law office failures may constitute reasonable excuses" (*Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [1st Dept 2007]).

*I. Reasonable Excuse*

Contrary to Mr. Dilligard's assertion, Justice Nock's decision did not grant a default judgment solely on the basis that Mr. Dilligard failed to timely answer the complaint, but rather

**450680/2023   NEW YORK CITY HOUSING AUTHORITY vs. DILLIGARD, RAMEL**          **Page 2 of 4**
**Motion No.  004**

2 of 4

[* 2]

granted a default judgment for, effectively, three reasons: (1) failure to appear at the Conference; (2) failure to answer the complaint; and (3) failure to oppose the default judgment motion. Mr. Dilligard is correct, and the parties do not dispute, that Justice Nock's Decision granting a default for the failure to answer the complaint was erroneous. Nevertheless, Mr. Dilligard must demonstrate a reasonable excuse for the first and third bases for Justice Nock's Decision: the failure to appear at the Conference and the failure to oppose NYCHA's default judgment motion, respectively.

Mr. Dillard has demonstrated a reasonable excuse for his failure to oppose NYCHA's default motion. Namely, law office failure. Mr. Dillard's counsel advises that it failed to properly calendar NYCHA's default judgment motion, and therefore failed to submit any opposition to the motion. This is a reasonable excuse.

However, Mr. Dilligard has not provided any excuse for his failure to appear at the court Conference. As his failure to appear at the Conference was a basis for Justice Nock's Decision granting default judgment, Mr. Dilligard must demonstrate a reasonable excuse for his non-appearance in order to vacate the Decision. He has not done so. This is fatal to Mr. Dilligard's motion to vacate the default judgment (*Campos v New York City Health and Hospitals Corp.*, 307 AD2d 785 [1st Dept 2003] [motion to vacate properly denied where party failed to demonstrate excuse for failure to appear at calendar call]). Additionally, when Mr. Dilligard's failure to appear at the Conference is considered in conjunction with his failure to oppose the default judgment motion, a pattern of delay emerges, which further supports denial of the motion (*id.*).

Mr. Dilligard's claim that vacatur of the default motion is required because NYCHA's motion solely relied on an erroneous assertion, that Mr. Dilligard failed to answer the complaint, is unpersuasive. To be sure, the only basis specified by NYCHA for a default judgment was the erroneous assertion that Mr. Dilligard failed to answer the complaint (NYSCEF Doc. No. 27 at ¶ 8-9). However, NYCHA's default judgment motion also contained a general prayer for relief (NYSCEF Doc. No. 26 "… and for such other and further relief as the court deems proper"). When a notice of motion contains a general prayer for relief, "the court may grant relief that is warranted … if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (*USAA Fed. Sav. Bank v Calvin*, 145 AD3d 704 [2d Dept 2016]). Justice Nock's Decision granted the identical relief sought in the default judgment motion, albeit on different grounds. Thus, the relief granted was not "dramatically unlike" the relief sought. Additionally, the record supported the relief awarded by Justice Nock, as his prior order permitting NYCHA to move for a default judgment expressly contemplated a default judgment pursuant to 22 NYCRR § 202.27, due to Mr. Dilligard's failure to appear at the Conference (NYSCEF Doc. No. 25). Under these circumstances, Mr. Dilligard cannot be surprised by Justice Nock's decision granting NYCHA a default judgment due to his failure to appear at the Conference. Nor is Mr. Dilligard prejudiced by granting a default judgment pursuant to 22 NYCRR § 202.27, instead of CPLR § 3215, beyond the prejudice that necessarily accompanies any unfavorable default judgment order.

450680/2023   NEW YORK CITY HOUSING AUTHORITY vs. DILLIGARD, RAMEL                    Page 3 of 4
Motion No.  004

3 of 4

[* 3]

Having failed to demonstrate a reasonable excuse for his failure to appear at the Conference, Mr. Dilligard has not provided a basis to vacate Justice Nock's default judgment Decision.

*II. Meritorious Defense*

As Mr. Dilligard has not established a reasonable excuse for his failure to appear at the Conference, the Court need not reach the question of whether Mr. Dilligard has demonstrated a meritorious defense. Were the Court to reach this issue, it would be constrained to find that Mr. Dilligard has not demonstrated a meritorious defense.

Mr. Dilligard's motion is entirely devoid of any reference to his defenses. "In order to demonstrate a meritorious defense a party must submit an affidavit from an individual with knowledge of the facts" (*Peacock v Kalikow*, 239 AD2d 188 [1st Dept 1997]). Conclusory allegations or vague assertions are insufficient (*id*. citing *National Recovery Sys, v Weiss*, 226 AD2d 289, 290 [1st Dept 1996] [vague assertion without documentary support insufficient to demonstrate meritorious defense]). Mr. Dilligard's motion fails to set forth facts from an individual with personal knowledge from which this Court could find a meritorious defense. Similarly, the record does not contain any documentation supporting the affirmative defense in Mr. Dilligard's answer. Under these circumstances, Mr. Dilligard has failed to demonstrate a meritorious defense sufficient to vacate the default judgment.

Accordingly, it is

**ORDERED** that Mr. Dilligard's motion to vacate Justice Nock's decision and order granting NYCHA a default judgment under motion sequence 003 (NYSCEF Doc. No. 37) is denied; and it is further

**ORDERED** that the matter shall be marked disposed.

| __7/11/2025__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **KATHLEEN WATERMAN-MARSHALL, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X  DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**450680/2023   NEW YORK CITY HOUSING AUTHORITY vs. DILLIGARD, RAMEL**
**Motion No.  004**

**Page 4 of 4**

4 of 4

[* 4]