Bank of Am., N.A. v Amigon (2025 NY Slip Op 04536)

Bank of Am., N.A. v Amigon

2025 NY Slip Op 04536

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-00248
 (Index No. 61399/18)

[*1]Bank of America, N.A., appellant, 
v
Fidencio Amigon, respondent, et al., defendants.

Hill Wallack LLP, New York, NY (Michael C. Manniello of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Sam D. Walker, J.), dated November 13, 2020. The judgment, insofar as appealed from, upon an order of the same court (Kathie E. Davidson, J.) dated October 8, 2019, among other things, granting that branch of the motion of the defendant Fidencio Amigon which was pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the first cause of action, which was to foreclose the mortgage, insofar as asserted against him, sua sponte, directed the cancellation and discharge of record the mortgage.
ORDERED that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements.
On July 26, 2018, the plaintiff commenced this action against the defendant Fidencio Amigon (hereinafter the defendant), among others, inter alia, to foreclose a mortgage on residential property located in Yonkers. In the complaint, the plaintiff asserted, among other things, a cause of action to foreclose the mortgage (first cause of action) and a cause of action for an award of attorneys' fees (second cause of action). The defendant interposed an answer, in which he asserted various affirmative defenses, including lack of standing and failure to comply with RPAPL 1304.
In an order dated February 7, 2019, the matter was referred to a court attorney referee (hereinafter the referee) to hear and report on all issues. A trial was held on July 8, 2019. The plaintiff presented the testimony of an employee of the plaintiff's loan servicer. At the close of the plaintiff's case, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against him, arguing, inter alia, that the plaintiff had failed to prove its standing or that it had complied with RPAPL 1304. After the trial, the referee issued a report in which he recommended that the defendant should be granted judgment in his favor on the first and second causes of action on the ground that the plaintiff had failed to prove its compliance with RPAPL 1304.
In an order dated October 8, 2019, the Supreme Court, upon the referee's report, inter alia, granted those branches of the defendant's motion which were pursuant to CPLR 4401 for judgment as a matter of law dismissing the first and second causes of action insofar as asserted against him. Thereafter, the court, upon the order, issued a judgment, among other things, in favor of the defendant and against the plaintiff dismissing the first and second causes of action insofar as asserted against the defendant and, sua sponte, directing the cancellation and discharge of record the mortgage. The plaintiff appeals from so much of the judgment as, sua sponte, directed the [*2]cancellation and discharge of record the mortgage.
Contrary to the plaintiff's contention, since the appeal is from a judgment, it is unnecessary for this Court to grant leave to appeal from the portion of the judgment granting sua sponte relief (see id. § 5701[a][1]; Matter of Roesch v State of New York, 187 AD3d 1651, 1651-1652).
The Supreme Court erred in, sua sponte, directing the cancellation and discharge of record the mortgage. The court may grant relief warranted pursuant to a general prayer for relief "if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (USAA Fed. Sav. Bank v Calvin, 145 AD3d 704, 706; see Trenton Capital, LLC v Bank of N.Y. Mellon, 184 AD3d 766, 767). Here, in his answer, the defendant sought, among other things, dismissal of the complaint insofar as asserted against him but did not seek cancellation and discharge of record the mortgage. Thus, the court's sua sponte directive to cancel and discharge of record the mortgage was dramatically unlike the relief requested (see JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 791; USAA Fed. Sav. Bank v Calvin, 145 AD3d at 706). Moreover, the proof adduced at trial did not support the relief granted (see First Franklin Fin. Corp. v Norton, 132 AD3d 1423, 1424), and the plaintiff was prejudiced, since it was not afforded an opportunity to be heard on the issue of the propriety of the relief granted, which deprived it of its security interest in the premises (see Hersko v Hersko, 224 AD3d 810, 813; Kay Found. v S & F Towing Serv. of Staten Is., Inc., 31 AD3d 499, 502).
Accordingly, we reverse the judgment insofar as appealed from.
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court