Normandy Capital Trust v 223 15th St, LLC (2025 NY Slip Op 07011)

Normandy Capital Trust v 223 15th St, LLC

2025 NY Slip Op 07011

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-09292
2022-09293
 (Index No. 505722/21)

[*1]Normandy Capital Trust, etc., respondent,
v
223 15th St, LLC, et al., defendants; 223 Sam, LLC, sued herein as "John Doe," nonparty-appellant.

Jules A. Epstein, P.C., Jericho, NY, for nonparty-appellant.
Knuckles, Komosinski & Manfro, LLP, Tarrytown, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty 223 Sam, LLC, sued herein as "John Doe," appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 7, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also dated October 7, 2022. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denied the cross-motion of nonparty 223 Sam, LLC, sued herein as "John Doe," inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated July 12, 2022, granting the plaintiff's unopposed motion to dismiss that nonparty's counterclaim, and for leave to intervene in the action. The order and judgment of foreclosure and sale granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated October 7, 2022, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated October 7, 2022, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated October 7, 2022, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In 2017, the defendant 223 15th St, LLC (hereinafter the borrower), executed a note secured by a mortgage encumbering certain real property located in Brooklyn. In 2021, the plaintiff [*2]commenced this action to foreclose the mortgage against, among others, the borrower. Nonparty 223 Sam, LLC, sued herein as "John Doe" (hereinafter 223 Sam), interposed an answer with a counterclaim. In particular, 223 Sam alleged that it was a 50% member of the borrower and that the note and mortgage were entered into without 223 Sam's authorization and in violation of the borrower's operating agreement and, therefore, the note and mortgage should be voided.
In an order dated April 27, 2022, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference. Thereafter, in an order dated July 12, 2022, the court granted the plaintiff's unopposed motion to dismiss 223 Sam's counterclaim.
In July 2022, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. 223 Sam opposed the motion and cross-moved, among other things, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated July 12, 2022, and for leave to intervene in the action. In an order dated October 7, 2022, the Supreme Court granted the plaintiff's motion and denied 223 Sam's cross-motion. Thereafter, in an order and judgment of foreclosure and sale also dated October 7, 2022, the court granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. 223 Sam appeals.
"'A membership interest in [a] limited liability company is personal property,'" and therefore, "[a] member has no interest in specific property of the limited liability company'" (459 Wash. Ave., LLC v Atkins, 230 AD3d 1282, 1283, quoting Limited Liability Company Law § 601; see Trenton Capital, LLC v Bank of N.Y. Mellon, 184 AD3d 766, 768).
Here, as an alleged member of the borrower, 223 Sam lacked standing to seek cancellation of the note or mortgage executed by the borrower (see Trenton Capital, LLC v Bank of N.Y. Mellon, 184 AD3d at 768). In other words, 223 Sam failed to demonstrate that it had a real and substantial interest in the outcome of this action (see HSBC Mtge. Corp. [USA] v Wisnieski, 195 AD3d 603, 604; Midland Mtge. Co. v Imtiaz, 110 AD3d 773, 775). Accordingly, under the circumstances, the Supreme Court properly denied that branch of 223 Sam's motion which was for leave to intervene in the action (see HSBC Mtge. Corp. [USA] v Wisnieski, 195 AD3d at 604; U.S. Bank, N.A. v Tsimbalisty, 181 AD3d 749, 751).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court